IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02022-ZLW

JAY A. SCHELL,

Plaintiff,

v.

DR. PRITCHER, H.S.C.,
ARAPAHOE COUNTY DETENTION FACILITY, and
OTHER "HEALTH SERVICE REPS" AND MEDICAL STAFFS @ ABOVE AGENCY,

Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 16 2009

GREGORY C. LANGHAM
CLERK

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff Jay A. Schell has filed *pro se* on December 2, 2009, a letter to the Court in which he alleges that the Court erred in dismissing this action. The Court must construe the letter liberally because Mr. Schell is not represented by an attorney. *See* **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the letter will be construed liberally as a motion to reconsider the Court's Order of Dismissal and the Judgment entered in this action on November 20, 2009. For the reasons stated below, the liberally construed motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Schell's liberally construed motion to reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the Judgment was entered in this action on November 20, 2009. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion). The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Court dismissed the instant action without prejudice because Mr. Schell failed to respond to an order directing him to file a second amended complaint. The order directing Mr. Schell to file a second amended complaint was entered on September 30, 2009, by Magistrate Judge Boyd N. Boland. Magistrate Judge Boland directed Mr. Schell to file a second amended complaint within thirty days.

Mr. Schell alleges in the liberally construed motion to reconsider that he made the requested changes and mailed them to the Court within the thirty-day time limit. Mr. Schell also alleges that a packet mailed to him by the Court on September 10, 2009, was received at the prison on September 14, 2009, but he did not receive it until October 1, 2009. Finally, Mr. Schell notes that the certificate of mailing attached to the Court's Order of Dismissal in this action lists the wrong case number.

Upon consideration of the liberally construed motion to reconsider and the entire file, the Court finds that Mr. Schell fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. He fails to demonstrate the existence of an intervening change in controlling law or new evidence and he fails to convince the Court of any need to correct clear error or prevent manifest injustice. The Court's docketing records do not indicate that the Court received any filings from Mr. Schell in this action between September 30, 2009, when Magistrate Judge Boland entered his order directing Mr. Schell to file a second amended complaint, and November 20, 2009, when the Court's order dismissing this action was filed. Mr. Schell's allegation that he did not receive in a timely manner a packet from the Court that was mailed to him on September 10, 2009, does not appear to be relevant to his failure to respond to a court order entered on September 30, 2009. Finally, the fact that the certificate of mailing attached to the Court's Order of Dismissal in this action included the wrong case number could not have prejudiced Mr. Schell because he obviously received a copy of the Order of Dismissal. Therefore, the liberally construed motion to reconsider will be denied. Accordingly, it is

ORDERED that Mr. Schell's letter to the Court filed on December 2, 2009, which the Court has construed liberally as a motion to reconsider, is denied.

DATED at Denver, Colorado, this _16_ day of _December_, 2009.

BY THE COURT:

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02202-BNB

Jay A. Schell
Prisoner No. 122066
DRDC
P.O. Box 382004 - Unit 4-B
Denver, CO 80239-8004

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 12/16/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk